# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RIVERSIDE CONSTRUCTION COMPANY, INC.**                                                      **PLAINTIFF**

**VERSUS**                                                                   **CIVIL ACTION NO. 5:13cv29-KS-MTP**

**ENTERGY MISSISSIPPI, INC.**                                                              **DEFENDANT**

## OPINION AND ORDER

This matter is before the Court on the Defendant Entergy Mississippi, Inc.'s Motion to Conduct Remand Related Discovery and for Additional Time to Respond to Plaintiff's Motion to Remand ("Motion for Discovery") [17] and the Plaintiff Riverside Construction Company, Inc.'s Motion to Limit the Extent of Entergy Mississippi, Inc.'s Remand Related Discovery ("Motion to Limit") [21]. Having considered the parties' submissions, the record and the applicable law, the Court finds that both motions should be granted in part and denied in part.

## BACKGROUND

On February 4, 2013, Riverside Construction Company, Inc. ("Riverside") filed suit against Entergy Mississippi, Inc. ("Entergy") in the Circuit Court of Warren County, Mississippi, asserting claims of breach of contract and quantum meruit. (*See* Complaint [1-2].) Riverside alleges that Entergy owes it approximately $1,303,041.56 for certain repair work performed by Riverside on a Dolphin Fender System at the dock for Entergy's Baxter Wilson Steam Electric Station located at 770 Kemps Bottom Road, Vicksburg, Mississippi and bordered by the Mississippi River. The general purpose of the Dolphin Fender System is to protect the dock and barges or vessels utilizing the dock from damage while the vessels or barges are being unloaded.

On March 6, 2013, Entergy removed the proceeding to this Court pursuant to Title

28 U.S.C. §§ 1441, 1446.  (*See* Notice of Removal [1].)  Entergy asserts that the Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331, 1333 and 46 U.S.C. § 30101(a).  This assertion is largely based on the argument that the contract between Entergy and Riverside pertaining to the repair of the Dolphin Fender System is maritime in nature.  On March 21, 2013, Riverside filed its Motion to Remand [6], arguing that there is no basis for the exercise of federal subject matter jurisdiction.  Riverside contends that the Complaint only asserts state law claims and that the subject agreement is not a maritime contract.

On April 12, 2013, Entergy filed its Motion for Discovery [17].  On this same date, Entergy served Remand Related Interrogatories, Requests for Production, and Requests for Admission to Riverside.  The Motion for Discovery requests that Riverside's Motion to Remand be stayed for a period of ninety (90) days while the parties conduct discovery on the maritime jurisdictional issue.  Entergy alternatively requests an additional twenty (20) days to file its response to the Motion to Remand.  Riverside has opposed the Motion for Discovery, and on April 22, 2013, Riverside filed its Motion to Limit [21].  Riverside asserts that Entergy's discovery is burdensome, exceeds the scope of the remand related issue, and "would do nothing to resolve the remand related issue . . . ."  (*See* Motion to Limit [21] at ¶ 7.)  Riverside also requests its expenses and attorneys' fees incurred in connection with the filing of its motion.

## **ANALYSIS**

A motion to remand does not automatically stay all discovery in a civil action. Under this Court's Local Uniform Civil Rules, only "discovery not relevant to the remand or referral issue" is stayed upon the filing of a remand motion.  L.U.Civ.R. 16(b)(1)(B). Furthermore, the United States Supreme Court has noted that "where issues arise as to

jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (citations omitted).  Nonetheless, "[i]t hardly bears repeating that control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (citing *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).  The trial court's ability to control discovery is reflected in the Federal Rules, which enable the court, on motion or *sua sponte*, to limit discovery upon several determinations, such as if the burden or expense of the discovery outweighs its potential benefit, taking into consideration the specific issues before the Court and the importance of the discovery in deciding those issues.  *See* Fed. R. Civ. P. 26(b)(2)(C).  In addition, a party seeking jurisdictional discovery must show that it is necessary for the Court's determination of the issue of jurisdiction.  *See Freeman*, 556 F.3d at 341 ("The party seeking discovery bears the burden of showing its necessity."); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) ("If the court chooses to allow additional discovery, it should be limited to only that which is necessary to determine the preliminary jurisdictional issue."); *cf. Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (providing that in the context of improper joinder "[d]iscovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and *only after a showing of its necessity*") (emphasis added).

The Court finds that Entergy's remand related discovery is unnecessary for the resolution of the jurisdictional issues before the Court.  The facts central to these issues are not in dispute.  Entergy and Riverside entered into a Multipurpose Maintenance, Modification and Construction Services Stand-Alone Contract (the "Contract"), effective

September 9, 2009, under which Riverside was to repair the Dolphin Fender System at Entergy's Baxter Wilson facility in Vicksburg. Both parties rely on the Contract, which sets out the scope of work to be performed by Riverside, in support of their various positions. (*See* Contract [6-1], [17-1] at ¶ 3.) Although the parties dispute whether their agreement is a maritime contract, that dispute turns on a legal conclusion regarding the nature and character of the Contract, as opposed to any intensive fact contest regarding the services to be performed by Riverside.[1] To the extent that Riverside's Motion to Remand [6] fails to supply any facts that Entergy deems important to the issue of jurisdiction, Entergy may present those facts in support of its opposition without the aid of discovery. Entergy, as a party to the Contract and owner of the equipment repaired by Riverside, should have sufficient knowledge of the nature and scope of the work performed under the Contract to present those facts without written discovery responses from Riverside or depositions of Riverside representatives. *Cf. Johnson v. J.P. Morgan Chase & Co.*, No. 2:04 CV 216, 2004 WL 2370621, at *2 (N.D. Miss. Oct. 7, 2004) (denying defendants' request for remand related discovery where "the information possessed by the defendants and the information presented in the complaint" provided the bases for the court's jurisdictional ruling).

Accordingly, Entergy's request for a stay of proceedings on the remand issue while the parties conduct discovery will be denied. Entergy's alternative request for an additional twenty (20) days to respond to the Motion to Remand [6] will be granted. For

---

[1] Entergy's principal authority in support of jurisdictional discovery, *Akers v. Shaw Environmental, Inc.*, No. 9-CV-915, 2010 WL 145137 (W.D. La. Jan. 7, 2010), is inapposite. There, the parties could not even agree that a contract existed. *See id.* at *2 ("[T]he defendants contest that a contract ever existed between the plaintiffs and the defendants.").

the same reasons stated in the preceding paragraph, Riverside's request that Entergy be precluded from engaging in remand related discovery will be granted. Riverside's conclusory and unsupported request for attorneys' fees and costs associated with its motion will be denied.

## **CONCLUSION**

IT IS THEREFORE ORDERED AND ADJUDGED that Entergy's Motion for Discovery [17] is granted in part and denied in part. The deadline for Entergy's response to the Motion to Remand [6] is extended until twenty (20) days from the entry of this Order. The motion is denied in all other respects.

IT IS FURTHER ORDERED AND ADJUDGED that Riverside's Motion to Limit [21] is granted in part and denied in part. Riverside is under no obligation to respond to Entergy's Remand Related Interrogatories, Requests for Production, and Requests for Admission; and, neither party shall propound any further written discovery or notice any depositions pending the Court's ruling on the Motion to Remand [6]. The motion is denied in all other respects.

SO ORDERED AND ADJUDGED this the 25th day of April, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE